# AMERICAN RAILROAD COMPANY OF PORTO RICO

*v.*

# CENTRAL SAN CRISTOBAL.

Law, No. 546.

Plaintiff contracted with defendant to construct for the latter a short piece of railroad under the former's franchise, at actual cost, that an

rangement, under the facts, being mutually advantageous. In addition to actual cost, plaintiff sought to recover for subcontractor's profits. Held: That plaintiff could not recover; but a new trial was granted on the ground that some amount was due to plaintiff.*

Opinion filed July 31, 1908.

Mr. *Francis H. Dexter,* attorney for plaintiff.

Mr. *Edward S. Payne,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

This cause is before us on a motion for a new trial. It was tried on May 16, 1908, being the last jury trial at the present term of court, and was tried hurriedly, as we had to finish it that evening.

The plaintiff railroad company sued the defendant sugar company for $10,825.12, and the jury brought in a verdict for the whole amount sued for.

The facts of the case are about as follows: Plaintiff company has a franchise to build a railroad around the island of Porto Rico, and has large portions of it constructed and in operation. The defendant sugar company has its plant at Naguabo, on the eastern end of the island, and needed some railroad over which to haul its cane to its central or mill. It made a contract with plaintiff to build a piece of railroad for it, under plaintiff's own franchise, defendant to pay for the railroad in the first instance, and to get most of its money back at a future date when

*On resubmission to the court on the same evidence, judgment went for the defendant.

American R. Co. v. Central San Cristobal.

plaintiff should take over the piece of railroad. Under the contract, defendant was to pay the exact cost, laid down, of the materials used in the construction, and was also to pay the cost of building the piece of road, but the amount of the latter item was not fixed, save that an estimate was made by the railroad company's engineer of the probable cost. A very long and complicated contract was entered into between the parties, that it is somewhat difficult to understand in all its details.

The piece of railroad constructed was a little less than 3 miles in length. The sugar central itself had built a greater length of similar railroad line in that same vicinity previously, but it is admitted that it was not quite as expensive grading as this, and the cost was about $8,000 per mile, exclusive of rolling stock. It is, we think, well in evidence, that the reasonable cost of construction of this particular piece of road would be about $10,000 per mile, exclusive of rolling stock.

The railroad company went on and constructed the line, and defendant paid something like $23,000 for the material used, which was the actual cost price of all that was used, as agreed, and in addition, paid something like $10,000 on account of actual construction, or $33,000 in all, equal to $12,000 per mile for 2¾ miles, which was about what was actually built. Plaintiff company claims something over $10,000 additional, as still due, and the inference to be drawn, after a careful examination of all the evidence, is that this is almost entirely made up of profits of an alleged subcontractor to whom plaintiff says it let the work, and the right to make which letting, we are satisfied from the evidence, was never acquiesced in by defendant.

Counsel for both sides have filed very long and extremely painstaking briefs, which we have gone through with care. At the time of the trial we were so hurried that no time was avail-

able to give counsel for defendant a proper hearing, as to the construction to be placed on the contract. Now that we have examined it and the evidence in detail, we are inclined to think that plaintiff never in fact had any right to sublet the work and charge a profit to the defendant, and we are therefore inclined to think we erred in not so instructing the jury. At any rate, it would be unconscionable, on the evidence in the case, to permit this plaintiff, under the contract in question, to recover $16,000 per mile for the building of about 2¾ miles of railroad, the reasonable value or cost of which, on the evidence, should not be more than $10,000 per mile.

However, as there is probably some balance due the plaintiff, and in order to avoid, on behalf of both parties, the expense and annoyance of a new trial, we will adopt the same method we did in the motion for a new trial in Stokes v. Dooley, recently tried in this court (3 Porto Rico Fed. Rep. 524), for which there is ample precedent in law; that is:

The judgment and verdict will be set aside and a new trial granted unless the plaintiff shall, within ten (10) days from the date of this opinion, remit of record one half the amount recovered, in which event the judgment and verdict will be permitted to stand, and it is so ordered.